IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VERN McKINLEY, <br> 20745 Ashburn Station Place, <br> Ashburn, VA 20147, <br> <br> Plaintiff, <br> <br> v. <br> <br> FEDERAL DEPOSIT INSURANCE <br> CORPORATION, <br> 550 17th Street, N.W. <br> Washington, DC 20429, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. |

## COMPLAINT

Plaintiff Vern McKinley brings this action against Defendant Federal Deposit Insurance Corporation to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Vern McKinley is a private citizen residing in Ashburn, Virginia. He is a former employee of the Board of Governors of the Federal Reserve, the Federal Deposit Insurance Corporation, the Resolution Trust Corporation, and the Office of Thrift Supervision. Since 1999, he has served as a consultant, legal advisor and regulatory policy expert on financial sector issues for deposit insurers, central banks and financial supervisors in more than two dozen

countries.   In addition, Plaintiff is a Visiting Scholar at the George Washington University Law School and author of the 2012 book *Financing Failure: A Century of Bailouts*.

4.    Defendant Federal Deposit Insurance Corporation ("FDIC") is an agency of the United States Government and is headquartered at 550 17th Street, N.W., Washington, DC 20429. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.    On February 13, 2015, Plaintiff submitted two FOIA requests to the FDIC seeking access to:

> A)   All records regarding consideration by the FDIC of placing Citibank into receivership that occurred between October 2008 and April 2009; and
>
> B)   All records regarding any analysis by the FDIC of Citibank's solvency between October 2008 and April 2009.

6.    By letters dated May 5, 2015, the FDIC issued nearly identical final determinations stating:

> Following a records search of appropriate files, responsive records (134 pages) were located.   We have determined that these records are exempt from disclosure pursuant to FOIA Exemptions 4, 5, and 8 . . . and that they do not contain any reasonable segregable, non-exempt material.

7.     By letters dated June 9, 2015, Plaintiff sent timely administrative appeals of the FDIC's final determinations.

8.    By letter dated July 9, 2015, the FDIC notified Plaintiff that his appeals were denied and that he "may seek judicial review under 5 U.S.C. § 552(a)(4)(B)."

9.    Because the FDIC has denied Plaintiff's administrative appeals, Plaintiff has exhausted all administrative remedies with respect to his two February 13, 2015 FOIA requests. 5 U.S.C. § 552(a)(6)(A)(ii).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

12. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:   October 21, 2015           Respectfully submitted,

/s/ Michael Bekesha
Michael Bekesha (D.C. Bar No. 995749)
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC   20024
(202) 646-5172

*Counsel for Plaintiff*